UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOELLE NOREEN PIERCE,

    Plaintiff,

v.                                                                                          Case No. 5:21cv215-TKW-HTC

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

    Defendant.
_____/

REPORT AND RECOMMENDATION

In this action under 42 U.S.C. §§ 405(g), Plaintiff Joelle Noreen Pierce seeks judicial review of the final determination of the Commissioner of Social Security ("Commissioner") denying disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-34. ECF Doc. 1. Upon consideration of the administrative record and the memoranda of the parties, the undersigned recommends the decision of the Commissioner be AFFIRMED and this action be DISMISSED. Accordingly, Plaintiff's motion for summary judgment, ECF Doc. 10, should be DENIED.

### I. BACKGROUND

Plaintiff, a former case manager, server, meter reader, and clerk, who was 52 years old at the time of her claim, filed a protective application for disability

insurance benefits on March 22, 2019, claiming an onset date of November 29, 2017,[1] based on the following conditions: lower back pain, knee surgeries, broken forearm, broken hand, depression, anxiety, and an old right hand injury. Tr. 194, 234-35. The claim was denied initially on May 15, 2019, Tr. 117, and upon reconsideration on September 19, 2019, Tr. 129. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 11, 2020. Tr. 30. After the hearing, the ALJ issued a decision on April 13, 2021, denying benefits, and finding that, despite Plaintiff's severe impairments of degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the right knee, and tinnitus, Plaintiff had the residual functional capacity ("RFC") to perform her past relevant work. Tr. 15-25. The Appeals Council denied review, Tr. 1, making the ALJ's decision the final decision of the Commissioner.

Plaintiff raises one issue in this appeal. She asks the Court to reverse the Commissioner's decision because the ALJ found Plaintiff had the RFC to perform light work, even though the ALJ limited Plaintiff to standing or walking a total of four hours each in an eight-hour work day. Plaintiff argues the ALJ's RFC determination is inherently inconsistent because light work is defined as requiring a claimant to be able to stand or walk for at least six hours in an eight-hour workday.

---

[1] Although the initial onset date was June 30, 2014, counsel moved to amend the onset date at the hearing to November 30, 2017, because that is the date of Plaintiff's 50th birthday. Tr. 39-40.

## II. STANDARD OF REVIEW

This Court is not free to reweigh the evidence or substitute its judgment for that of the Commissioner, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984) (quoting *Jones v. Schweiker*, 551 F. Supp. 205 (D. Md. 1982)).

## III. DISCUSSION

The Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability, the physical or mental impairment must be so severe the plaintiff is not only unable to do her previous work, "but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)(4), the Commissioner analyzes a disability claim in five (5) steps. At step 1, the Commissioner determines if the

claimant is performing substantial gainful activity. If she is, she is not disabled. At step 2, the Commissioner determines whether the claimant's impairments are severe. If any impairment is severe, the Commissioner proceeds to step 3 to determine whether any severe impairments have lasted or are expected to last for a continuous period of at least 12 months, and if the impairments meet or medically equal the criteria of any impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. If they do, the claimant is disabled. If not, the Commissioner proceeds to step 4 to determine if the claimant's impairments prevent her from performing her past relevant work. At this step, the Commissioner determines the claimant's RFC, which is the most the claimant can do despite her impairments. If the claimant cannot perform past relevant work, the Commissioner proceeds to step 5 and determines whether other jobs exist in significant numbers in the national economy that accommodate the claimant's RFC and vocational factors. If such jobs exist, she is not disabled.

Here, Plaintiff takes issue with the ALJ's determination at step 4. At step 4, the ALJ found Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b), except that the claimant can lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently. The claimant can sit, stand, and walk for a total of four hours each in an eight-hour workday. The claimant can climb ramps and stairs occasionally, but can never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can frequently receive instructions orally. The claimant can never work at unprotected heights. The claimant can occasionally work around moving

mechanical parts. The claimant can work in vibration occasionally. The claimant can work in moderate noise, as that term is defined in the SCO.

Tr. 22.

With that RFC, the ALJ determined Plaintiff could perform her past relevant work as a meter reader; customer service clerk; and case manager, as generally performed.[2] Tr. 24. A claimant can return to past relevant work if she can perform the specific job she performed, either in the manner she performed it, or as it is usually performed in the national economy. *See Davison v. Halter*, 171 F. Supp. 2d 1282, 1284-85 (S.D. Ala. 2001) (citing Social Sec. Ruling 82-61). It is Plaintiff's burden to prove she is unable to perform her previous work. *See Lucas v. Sullivan*, 918 F.2d 1567, 1576 (11th Cir. 1990). The ALJ also determined Plaintiff could perform other work in the national economy, including as a small parts assembler, office helper, and bench worker. Tr. 25.

As stated above, Plaintiff's sole argument on appeal is that the ALJ's RFC determination is inherently inconsistent because light duty requires a person to be able to stand or walk for at least 6 hours in an 8-hour workday.[3] Although an ALJ

---

[2] The ALJ also included server as a job Plaintiff could return to, but it appears the ALJ's inclusion of server was a clerical error. As discussed herein the VE initially included server as an available job when the hypothetical limited the individual to sitting, standing, and walking for six hours, but then eliminated the server job for an individual limited to four hours each of sitting, standing, and walking.

[3] The SSA regulations define "light work" as involving lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or

is obligated to "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT)," SSR 00-4p, 2000 WL 1898704, no such inconsistency exists here. Plaintiff misreads the ALJ's RFC determination. The ALJ did not limit Plaintiff to sitting, standing or walking for a total of 4 hours in an 8-hour work day. Instead, the ALJ limited Plaintiff to performing those activities for a "total of 4 hours *each*." Tr. 21 (emphasis added). That means Plaintiff could sit for 4 hours and stand for 4 hours or stand for 4 hours and then walk for 4 hours. *See Pittman v. Comm'r of Soc. Sec.*, 2019 WL 851423, at * 6 (M.D. Fla. Feb. 22, 2019) (finding no apparent conflict between VE's testimony that plaintiff could perform jobs as an assembler and inspector with the DOT because "there is nothing in the definition of 'light duty' that precludes a sit/stand option").

At the administrative hearing, the ALJ first posed a hypothetical to the vocational expert ("VE") which described an individual who can "sit, stand, and walk for six hours of an eight-hour workday." Tr. 74. In response to that hypothetical, the VE stated the individual could work as a case manager as generally

---

standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b). The Eleventh Circuit has suggested light work "by definition limits the amount an individual can walk or stand for approximately six hours in an eight-hour work day." *Carson v. Comm'r of Soc. Sec.*, 440 F. App'x 863, 864 (11th Cir. 2011).

Case No. 5:21cv215-TKW-HTC

performed, customer service clerk as performed and as generally performed, server as generally performed, and meter reader, as performed and as generally performed. Tr. 74-75. The ALJ then "reduced the total amount of sitting to four hours of an eight-hour workday, the total amount of standing to four hours in an eight-hour workday, [and] the total amount of walking to four hours of an eight-hour workday." Tr. 75. In response, the VE determined that hypothetical individual could still work as a meter reader, customer service clerk, case manager, as generally performed, but that employment as a server would be eliminated. Tr. 75-76. The ALJ then "reduced the total amount of sitting to three hours of an eight-hour workday, the total amount of standing to two hours of an eight-hour workday, and the total amount of walking to two hours of an eight-hour workday." Tr. 77. With that reduction in the ability to stand, walk, and sit, the VE stated "[i]f they meet or close eight hours a day, five days a week, so this for you don't allow for competitive employment at that level." *Id.*

Based on the above exchange between the ALJ and the VE, the ALJ did not limit Plaintiff to a total of 4 hours of walking or standing, but instead limited each activity to 4 hours. *See Freeman v. Comm'r. Soc. Sec.,* 593 F. App'x 911, 915 (11th Cir. 2014) (finding plaintiff misread doctor's report as opining plaintiff "could either stand up for two hours *or* walk for up to two hours" when the opinion was actually that plaintiff "could walk for up to two hours *and* stand for up to two hours")

(emphasis included). A different interpretation of the RFC would be unreasonable because it would place a limitation on Plaintiff that was not part of any of the hypotheticals the ALJ gave to the VE. Thus, there was no conflict between Plaintiff's exertional limitations and the definition of light duty.[4] Indeed, the ALJ asked the VE if his opinions were consistent with the DOT, the VE confirmed they were, and Plaintiff's counsel chose not to ask the VE any questions when given the opportunity to do so. Tr. 68; *see Leigh v. Comm'r of Soc. Sec.,* 496 F. App'x 973 (11th Cir. 2012) (finding no error even if an actual inconsistency existed where VE confirmed there were no inconsistencies, claimant offered no evidence to controvert the testimony and did not object to it, there was no apparent inconsistency between the VE's opinion and the DOT, and the ALJ's decision was supported by substantial evidence).

Regardless, "nothing precludes an ALJ from concluding that a claimant can perform a reduced range of light work with a limitation of standing or walking up to 4 hours in an 8-hour workday, and relying on vocational testimony that the claimant can perform a specific job classified as light work." *Carolyn C. v. Kijakazi,* 2021 WL 4932785, at *16 (D.N.J. Oct. 22, 2021) (rejecting argument that "the VE's

---

[4] Also, as the Commissioner argues, the jobs identified by the VE of meter reader, customer service clerk, and case manager do not conflict with the DOT definition of light work. The DOT defines a customer service clerk as falling under sedentary work, DOT 241.367-014, 1991 WL 671574; meter reader as light work, DOT 209.567-010, 1991 WL 671793, and case manager as sedentary work, DOT 195.107-030, 1991 WL 671574.

testimony is faulty and cannot be accepted as [l]ight work requires the ability to stand and walk for more than 4 hours a day") (collecting cases); *see also Kirtland v. Colvin,* 2015 WL 241749 at *4 (N.D. Ala. Jan. 20, 2015) ("It is in no way contradictory for the ALJ to find that Kirtland could perform light work with certain limitations, including the ability to walk and stand for only four hours a day. This is two hours less than required for 'the full range of light work,' SSR 83-10, but the ALJ did not find that Kirtland could perform the full range of light work."). As in *Kirtland* and *Carolyn C.,* the ALJ did not determine Plaintiff was able to perform a full range of light work and, instead, as stated above, placed very specific exertional limitations on Plaintiff.

Where a claimant can perform some, but not all, activities required, the ALJ should look to the testimony of a vocational expert to "to help determine whether or not there [were] a significant number of jobs in the national economy that the claimant could perform given her residual functional capacity and other vocational factors." *Orestano v. Comm'r of Soc. Sec.,* 252 F. App'x 962, 963 (11th Cir. 2007); *Freeman*, 593 F. App'x at 916 ("Because the ALJ concluded that Mr. Freeman could not perform the full range of medium work, she properly sought testimony from a VE regarding the types and number of jobs that existed in the national economy that Mr. Freeman could perform given his limitations."); SSR 83-12. That is exactly what the ALJ did here.

Despite the ALJ's use of the word "light work" in the decision, the ALJ did not rely on that category or term in describing the limitations in the hypotheticals to the VE. Instead, as set forth above, the ALJ specifically set forth the exertional limitations the VE was to consider with regard to the amount of weight the hypothetical individual was able to lift/carry and the amount of sitting/standing/walking, as well as postural and environmental limitations. The VE's response was based on the specific limitations actually included in the hypothetical. None of the jobs identified by the VE require functional capacities greater than those set forth by the ALJ in the RFC assessment and hypothetical to the VE. And Plaintiff does not argue the ALJ's exertional limitations are not supported by substantial evidence.

Plaintiff cites several cases from other jurisdiction to support her position. A review of those cases, however, show they are inapposite. *Franklin v. Berryhill*, 2017 WL 2080196 (M.D. Penn. 2017), for example, supports the Commissioner's position, not Plaintiff's. In *Franklin*, the district court found no error by the ALJ in "choosing to consult a VE rather than applying the lower exertional level" where claimant's limitations fall between the light and sedentary work definitions. *Id.* at * 9. Likewise, *Ford v. Colvin*, 2015 WL 4608136 (D. Del. July 1, 2015) and *Campbell v. Astrue*, 2010 WL 4689521 (E.D. Pa. Nov. 2, 2015) are not helpful because in those

cases the claimant could stand/walk only one or two hours in an 8-hour workday. *Id.* at *8.

Finally, any error by the ALJ is harmless because even assuming Plaintiff's exertional limitations preclude her from performing light work, Plaintiff's past relevant work included sedentary type jobs.[5]  *See e.g., Valdez v. Comm'r of Soc. Sec.,* 808 F. App'x 1005, 1009 (11th Cir. 2020) (finding harmless error in ALJ's failure to resolve apparent conflict between VE's testimony and the DOT, where the ALJ also found the claimant could perform two other jobs); *Compton v. Astrue,* 2009 WL 1555416, at *6 (S.D. Ala. June 3, 2009) ("Although the ALJ's finding that Plaintiff can perform two light work jobs contradicts the VE's testimony, the Court finds that it is, at most, only harmless error as the ALJ also listed two sedentary jobs which Plaintiff can perform in spite of his impairments.").  Specifically, the customer service clerk and case manager jobs are both categorized as sedentary.  *See* DOT #241.367-014, #195.107-030.  Thus, remand would be superfluous.  *See e.g., Blocker v. Colvin,* 2016 WL 4083415, at *3 (S.D. Ala. Aug. 1, 2016) ("Since adequate jobs existed which the Plaintiff could perform, the ALJ's description of the

---

[5] Plaintiff argues the limitation of standing/walking four hours a day makes her capable of only sedentary work, and thus at step 5, she would be disabled given her age. ECF Doc. 10 at 11. However, as the Commissioner argues, because Plaintiff's past relevant work included sedentary jobs, which the VE determined she remains able to perform, the sedentary grid rule at step 5 is irrelevant.  ECF Doc. 12 at 8.

RFC as 'sedentary,' did not affect the outcome of his determination and is thus not a reversible error.").

Accordingly, it is respectfully RECOMMENDED that:

1. The Commissioner's decision be AFFIRMED.

2. Plaintiff's motion for summary judgment, ECF Doc. 10, be DENIED.

3. The clerk be directed to enter judgment in favor of the Commissioner and close the file.

At Pensacola, Florida, this 11th day of August, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.